# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Marilyn Bloch,

     Plaintiff,

     v.

United States Census Bureau,

     Defendant.

Civil Action No.  10-0800 (JDB)

## MEMORANDUM OPINION

In this civil action brought *pro se*, plaintiff sues the Department of Commerce for failing to hire her at the Census Bureau ("Bureau") "because according to the [] Census Bureau . . . plaintiff was guilty of a misdemeanor in New York."  Compl. at 1.  Plaintiff seeks $4 million in monetary damages for libel, slander and discrimination based on her age (60 years) and gender.

Defendant moves to dismiss the defamation claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and the discrimination claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to exhaust administrative remedies.  Defendant moves in the alternative for summary judgment under Rule 56.  Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion to dismiss the defamation claims and its motion for summary judgment on the discrimination claims.

## I. BACKGROUND

To implement the 2010 Decennial Census, the Bureau "hired hundreds of thousands of local workers across the country. . . ." Def.'s Mot. to Dismiss or, in the Alternative, for Summ. J. ("Def.'s Mot.") [Dkt. No. 10], Decl. of Ann Foster Marriner ("Marriner Decl.") ¶ 2. Job applicants "took a D-267 test for non-supervisory positions. The [candidate's] score was used to evaluate [his or her] employment ranking in [a] database of applicants." *Id.* ¶ 5. On December 17, 2008, plaintiff, a resident of Hollywood, Florida, applied for one of those temporary positions. Def.'s Ex. 2 (Census Employment Inquiry). Plaintiff alleges that she took a test in August 2009 and was informed that she had passed it. She further alleges that she was not hired because of a misdemeanor conviction that she disputes.[1] Compl. at 1. But on August 3, 2009, the Bureau informed plaintiff that based on the information she had submitted with regard to the foregoing arrest, "we have made a favorable determination on your case and you are eligible to return to work effective immediately. We have notified the local Census Office of this decision." Def.'s Ex. 5. On October 2, 2009, the Bureau sent a second letter reiterating plaintiff's eligibility status and informed her that her local census office would contact her "if and when a job opportunity becomes available." *Id.*, Ex. 1.

Because the Bureau "ha[d] not called but said they would in January, 2010, [plaintiff concluded] obviously [she] is not being hired due to the conviction they claim she has which she does not." Compl. at 2 ¶ 8. Plaintiff filed this action on May 17, 2010, claiming "age discrimination [because] the Census Dept. has no employees who are women of 60 years of age

---

[1] According to plaintiff, she was arrested in 1999 in New York "and illegally strip searched at the Nassau County jail . . . but she only pled not guilty, [] there was no [jury] trial" and, hence, no conviction. Compl. at 1 ¶¶ 4-5.

working in their [sic] agency." *Id.* at 2 ¶ 6. Plaintiff also claims that she "has lost all federal jobs due to this malicious lie gossiped around the country, and has [suffered] emotional distress[.]" *Id*. ¶ 7.

## II. DISCUSSION

1. Subject Matter Jurisdiction

Defendant correctly argues that plaintiff's claims for libel and slander are barred by sovereign immunity. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Such consent may not be implied, but must be "unequivocally expressed." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). The Federal Tort Claims Act ("FTCA") operates as a limited waiver of sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort claims. *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).

The FTCA specifically excludes from its reach "[a]ny claim arising out of . . . libel [or] slander . . . ." 28 U.S.C. § 2680(h). Hence, the Court will grant defendant's motion to dismiss those claims under Rule 12(b)(1). *See Wuterich v. Murtha*, 562 F.3d 375, 387 (D.C. Cir. 2009) (concluding that "the District Court will be required to dismiss the [defamation] case [against the United States] for lack of subject matter jurisdiction.").

2. Defendant's Motion for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that

"might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of

demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986). Once that is shown, the nonmoving party must do more than simply "show that

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v.

Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). That party must show that a genuine factual issue

exists by "(A) citing to particular parts of materials in the record. . . or (B) showing that the

materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

Any factual assertions in the moving party's affidavits will be accepted as being true unless the

opposing party submits her own affidavits or other documentary evidence contradicting the

assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).

To establish a prima facie case of employment discrimination, a plaintiff must show that

"(1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3)

the unfavorable action gives rise to an inference of discrimination." *Stella v. Mineta*, 284 F.3d

135, 145 (D.C. Cir. 2002) (citing *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999)). Once a

plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a

legitimate, non-discriminatory explanation for its actions. *See Smith v. Dist. of Columbia*, 430

F.3d 450, 455 (D.C. Cir. 2005). Defendant asserts correctly that plaintiff has not stated any facts

to support either her age discrimination claim under the Age Discrimination in Employment Act

("ADEA"), 29 U.S.C. §§ 621 *et seq*., or her gender discrimination claim under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. *See* Mem. of P. & A. in Supp. of Def.'s

Mot. to Dismiss or, in the Alternative, for Summ. J. at 8-9. The fact that plaintiff's sole allegation is that the Bureau did not employ women over 60 is reason enough to enter summary judgment for defendant on these claims. *See Greene v. Dalton,* 164 F.3d 671, 675 (D.C. Cir. 1999) (affirming the dismissal of a retaliation claim resting "entirely upon a conclusory representation").

Nevertheless, defendant's uncontested facts provide further support for entering judgment in its favor. The job applicants' scores from the D-267 test were "used to evaluate their employment ranking in [a] database of applicants." Marriner Decl. ¶ 5. "When the Bureau needed employees for a [particular] operation, selection parameters, such as geographic location and language skill needs, were entered into a computer program," *id*. ¶ 6, and the "best qualified individuals were identified and ranked." *Id.* ¶ 7. Applicants were selected "according to their ranking. After the requisite number of candidates was selected, lower ranking candidates were not contacted by the Bureau." *Id.* ¶ 8.

Plaintiff's name appeared on two lists of potential selectees in March and April of 2010. Def.'s Sealed Ex. 6. The selected individuals, however, had scored higher than plaintiff's score of 72 on the D-267 test. Def.'s Statement of Material Facts Not in Dispute ¶ 13 & Sealed Ex. 6. Contrary to plaintiff's unsubstantiated allegation that the Census Bureau employed no women over the age of 60, the two highest ranked selectees from the March 2010 list were a 71-year-old woman and a 69-year-old woman, both of whom had scored 97 on the test. Def.'s Sealed Exs. 6, 7. No reasonable fact finder presented with this evidence could find for plaintiff on her conclusory claims of age and gender discrimination.[2] *See Kralman v. Ill. Dep't of Veterans'*

---

[2] In light of this determination, the Court will not address defendant's contested argument for dismissal under Rule 12(b)(6) on the ground that plaintiff failed to exhaust her administrative remedies.

*Affairs*, 23 F.3d 150, 156 n.7 ( 7ᵗʰ Cir. 1994) (observing that a reasonable inference of age discrimination may be drawn from the selection of an individual belonging to ADEA's protected class of individuaAn ls over 40 years of age if that person is "sufficiently younger" than the complainant) (citing cases); *Brown v. PSI Services, Inc.*, ___ F. Supp. 2d ___, 2010 WL 3562094, *4 (D.D.C. Sept. 13, 2010) ("One way to discredit an employer's justification is to show that similarly situated employees of a different [gender] received more favorable treatment.") (quoting *Royall v. Nat'l Ass'n of Letter Carriers*, 548 F.3d 137, 144 (D.C. Cir. 2008)) (alteration  in original).

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss as to plaintiff's libel and slander claims and grants defendant's motion for summary judgment as to plaintiff's discrimination claims.  A separate Order accompanies this Memorandum Opinion.

___s/_____
JOHN D. BATES
United States District Judge

Dated: December 6, 2010